GENOVEVA MARÍA HERNÁNDEZ, Plaintiff and Appellant, *v.* ADOLFO SÁNCHEZ, Mayor of Las Piedras, Defendant and Appellee.

No. 5091. Argued April 9, 1930.—Decided May 27, 1930.

*González Fagundo & González Jr.* for appellant. *Bolívar Pagán* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Mrs. Genoveva María Hernández brought injunction proceedings against Adolfo Sánchez, as Mayor of Las Piedras, and alleged that on September 17, 1925, as well as on March 13, 1929, she was in actual possession of a piece of urban property which she described, located in Las Piedras; that on March 13, 1929, the mayor gave orders to certain workmen to enter her property and remove its fence, and took possession of a parcel thereof having an area of about ten square meters, also described, thereby dispossessing her against her will and disturbing her in the peaceful enjoyment of the possession of the said parcel.

On the strength of the above allegations, she prayed the court for a judgment reinstating her in her possession and restraining the defendant, his agents and employees, from disturbing her again in her possession under penalty of contempt, with costs.

Feeling aggrieved because a judgment was entered without imposing costs on the defendant, the plaintiff took an appeal and has assigned as the only error the failure of the court to award her costs.

In her argument on appeal she invokes section 5 of Act No. 43 of March 13, 1913, which provides:

"That the court shall render judgment without undue delay. Costs shall be taxed against the party against whom judgment is rendered."

The appellee contends that the theory of the trial judge is supported by the decisions of this court, which has held that "the allowance of costs and attorney's fees is a matter exclusively within the discretion of the court, even in a special proceeding like an election contest." *Candal* v. *Vargas,* 29 P.R.R. 603, and cases cited therein.

However, where the law is mandatory it should prevail, and it was so decided, in construing the same legal provision invoked by the appellant, in *Solís* v. *Castro,* 36 P.R.R. 284, wherein the cases of *Ortiz* v. *Silva et al.,* 28 P.R.R. 387, and *People* v. *Oms,* 35 P.R.R. 691, were cited with approval and the following doctrine laid down:

"Where an injunction to recover possession of real property is sustained . . . . the costs should be imposed on the defendant under the mandatory provisions of Act No. 43 of 1913."

The case of *Banco Territorial* v. *Puig,* 5 P.R.R. 132, is not in point. This is not an action where a default judgment has been entered. Although it is true that the defendant municipality failed to appear at the hearing, it is also true that it filed motions during the prosecution of the action. If it had nothing to plead in opposition to the complaint, it ought to have acquiesced. As the complaint was sustained, it must be presumed that the evidence showed that the defendant committed the acts of disturbance with which it was charged.

On the other hand, a disturbance of the possession may be more or less serious and in defending actions of this kind different degrees of obstinacy may be exhibited. All this may be taken into consideration by the court in simply imposing the costs or in excluding therefrom the attorney's fees or a part thereof. The imposition of costs is mandatory, but, as regards the attorney's fees, the court may use its discretion in accordance with the circumstances of the case.

The transcript does not include the evidence heard. We are not, therefore, in position to render the judgment which

the district court should have rendered. · We do not know all the pertinent facts. That being so, the case must be remanded to the court below with direction to modify its judgment so as to include therein a pronouncement of · costs in such terms as justice may require.